UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SHAMARLON VILLAFANA,　　　　　　　　　　Case No. 24 CV 7446
　　　　　Plaintiff,

　　　-against-　　　　　　　　　　　　　　　　**COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE　　　　　JURY DEMAND
DANIEL DAVIDOFF [TAX REG. #961722], P.O.
JOSHUA E, CROWLEY [TAX REG. #967831],
SERGEANT DANA M. MARTILLO [TAX REG.
#945954], SERGEANT TITUS T. PARHAM [TAX
REG. #916982], and JOHN DOE AND JANE DOE
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),
　　　　　Defendants.
------------------------------------------------------------------------X

Plaintiff, SHAMARLON VILLAFANA, by her attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective Daniel Davidoff [Tax Reg. #961722], P.O. Joshua E, Crowley [Tax Reg. #967831], Sergeant Dana M. Martillo [Tax Reg. #945954], Sergeant Titus T. Parham [Tax Reg. #916982], and John Doe and Jane Doe (collectively, "defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising under the law and statutes of the City and State of New York].

## THE PARTIES

2. Plaintiff is and was at all times material herein a resident of Brooklyn, County of Kings, City and State of New York.

3. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

4. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

5. Defendant Detective Daniel Davidoff [Tax Reg. #961722] was at all times material herein a police officer or detective employed by the NYPD. He is named here in his official and individual capacities.

6. Defendant P.O. Joshua E, Crowley [Tax Reg. #967831] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

7. Defendant Sergeant Dana M. Martillo [Tax Reg. #945954] was at all times material herein a sergeant employed by the NYPD. She is named here in her official and individual capacities.

8. Defendant Sergeant Titus T. Parham [Tax Reg. #916982] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

9. Defendants John Doe and Jane Doe were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

10. Defendants Davidoff, Crowley, Martillo, Parham, John Doe and Jane Doe are collectively referred to herein as "defendant officers".

11. At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. On or about March 3, 2022, at approximately 11:00 a.m., defendant officers, acting in concert, arrested plaintiff based on an ICARD issued by them falsely charging plaintiff with N.Y. PL 240.30(4) 'Aggravated harassment in the second degree', and unreasonably detained the plaintiff for a lengthy period of time thereafter.

13. Prior to her arrest, plaintiff received a telephone call from defendant officers asking her to turn herself in and threatening to incarcerate her for a lengthy period of time should she fail to do so timely.

14. Plaintiff who was heavily pregnant at the time promptly turned herself in as she was directed.

15. Plaintiff was nervous and fearful for her life and safety and the life and safety of her unborn baby.

16. Upon information and belief, the ICARD was issued based upon an alleged complaint made by plaintiff's ex-boyfriend and her baby's father indicating that they were engaged in a verbal dispute with nothing in the plaintiff's statement(s) demonstrating that she was either serious, should reasonably have been taken to be serious, or was confirmed by other words or acts showing that it was anything more than an emotional outburst.

17. Following her arrest, defendant officers tightly handcuffed the plaintiff causing the plaintiff to experience pain and numbness.

18. Defendant officers subjected the plaintiff to an illegal search.

19. Defendant officers did not recover any contraband from their unlawful search of the plaintiff.

20. Defendant officers detained the plaintiff at the NYPD-69th Precinct.

21. After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to Central Booking to await arraignment.

22. At some point following her arrest, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

23. During this meeting, defendant officers stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their police records and reports.

24. Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

25. Eventually, plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with N.Y. PL 240.30(1)(a) 'Aggravated harassment in the second degree'; N.Y. PL 240.30(1)(b)

'Aggravated harassment in the second degree'; N.Y. PL 240.30(2) 'Aggravated harassment in the second degree'; N.Y. PL 240.26(1) 'Harassment in the second degree'; and N.Y. PL 240.26(3) 'Harassment in the second degree'.

26. Upon arraignment, plaintiff was released on her own recognizance but was required to return to the criminal court to defend the false charges levied against her.

27. On or about June 3, 2022, the false charges levied against the plaintiff were dismissed and sealed.

28. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

29. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

30. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

31. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 30 of this complaint as though fully set forth herein.

32. Defendant officers arrested the plaintiff without probable cause or reasonable grounds.

33. The conduct of defendant officers, as described herein, amounted to false arrest.

34. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
35. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

36. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 35 of this complaint as though fully set forth herein.
37. Defendant officers forwarded to the prosecutors their falsified records and statements.
38. Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiff.
39. Plaintiff was arraigned on a complaint sworn to by defendant officers falsely charging the plaintiff with crime(s).
40. Plaintiff was required to, and did, appear in court to defend herself from the false charge(s) levied against her with malice by defendants.
41. Because of the conduct of the defendants, plaintiff was maliciously prosecuted.
42. Eventually, the criminal proceedings terminated in plaintiff's favor.
43. The conduct of defendant officers, as described herein, amounted to malicious prosecution.
44. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
45. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

46. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 45 of this complaint as though fully set forth herein.

47. Defendant officers manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

48. In addition to other things, defendant officers falsely stated to the prosecutors that the plaintiff subjected her ex-boyfriend to physical contact or attempted or threatened to subject him to physical contact.

49. Plaintiff was deprived of her liberty as a result.

50. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

51. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

52. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

53. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 52 of this complaint as though fully set forth herein.

54. The conduct of defendant officers, as described herein, amounted to excessive use of force.

55. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

56. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

57. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 56 of this complaint as though fully set forth herein.

58. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

59. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

60. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

61. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

SIXTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

62. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 61 of this complaint as though fully set forth herein.

63. Defendant City of New York, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when

probable cause exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

64. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other crimes.

65. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

66. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Court observed that the City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

67. In *Ligon v. City of New York*, 925 F. Supp. 2d 478, 485-86 (S.D.N.Y. 2013), the Court observed that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

68. Notably, numerous civil rights complaints filed in this district have similarly alleged that police officers in those cases, including the defendant officers, routinely harass individuals who are members of various racial/ethnic minority groups and have refused to conduct any investigations concerning their complaints simply because of their membership of the racial/ethnic minority groups. *See, e.g., Jalen Jennings v. City of New York* (24 CV 7391); *Markus King Knight v. City of New York* (24 CV 4912); *Brandon Benjamin v. City of New York* (24 CV 1983); *Cvanti Sheppard v. City of New York* (24 CV 1985); *Charlene Lambton v. City of New York* (24 CV 1986); *Robert Burroughs v. City of New York* (22 CV 4463).

69. Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD alleging, among other things, that the police officers falsely arrested the plaintiffs without probable cause. *See*, *e.g.*, *Mike Josie v. City of New York* (24 CV 2476); *Venice King v. City of New York* (23 CV 9096); *Jayshawn Clemente v. City of New York* (23 CV 2702); *Tiara Weber v. City of New York* (22 CV 4518); *Tony Holley v. City of New York* (21 CV 4682); *Dwayne Holley v. City of New York* (21 CV 4681); *Mike Josie v. City of New York* (21 CV 2486); *Eddie Hoover v. City of New York* (21 CV 2484); *Bilal Jacks v. City of New York* (20 CV 1012); *Trevonne King v. City of New York* (19 CV 3361); *Shaheim Rogers v. City of New York* (19 CV 3360); *Mondaray Whitaker v. City of New York* (18 CV 6897).

70. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police officers routinely arrest innocent citizens without probable cause.

71. As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiff.

72. Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

73. The actions of defendants, acting under color of State law, deprived plaintiff of her due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in her person and property, to be free from abuse of process, the excessive use of force and the right to due process.

74. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

SEVENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendant officers

75. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 74 of this complaint as though fully set forth herein.

76. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting her and depriving her of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

77. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

78. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of her

constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

79. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

EIGHTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendant officers

80. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 79 of this complaint as though fully set forth herein.

81. The conduct of the defendant officers, as described herein, amounted to false arrest/imprisonment.

82. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

NINTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendant officers

83. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 82 of this complaint as though fully set forth herein.

84. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

85. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

TENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendant officers

86. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 85 of this complaint as though fully set forth herein.

87. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

88. Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through

deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

89. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a. For compensatory damages against all defendants in an amount to be proven at trial;

    b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d. For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       October 24, 2024

                UGO UZOH, P.C.

By: *Ugochukwu Uzoh*
      Ugochukwu Uzoh
      Attorney for the Plaintiff
      56 Willoughby Street, Third Floor
      Brooklyn, N.Y. 11201
      Tel. No: (718) 874-6045
      Fax No: (718) 576-2685
      Email: u.ugochukwu@yahoo.com